**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4452**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHAWN DALE BEASON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Joseph Robert Goodwin, District Judge.  (CR-03-266)

———————

Submitted:  January 26, 2005          Decided:  April 25, 2005

———————

Before WILLIAMS, MICHAEL, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender,  David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Monica L. Dillon, Special Assistant United States Attorney, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shawn Beason, a federal prisoner, was indicted on one count of possession of marijuana by a federal prisoner, in violation of 18 U.S.C. § 1791(a)(2) (2000). Beason moved to dismiss the indictment on the grounds that his detention in administrative segregation for eleven months prior to his indictment violated his due process and speedy trial rights under the Fifth and Sixth Amendments. The district court denied the motion. Following a bench trial, the district court found Beason guilty and sentenced him to six months in prison. The sentence runs consecutively to his undischarged sentence. Beason appeals, asserting that the district court erred when it denied his motion to dismiss. We affirm.

Addressing first Beason's Fifth Amendment claim, a defendant "may invoke due process to challenge delay both before and after official accusation." Doggett v. United States, 505 U.S. 647, 655 n.2 (1992). To determine whether pre-indictment delay violates the Due Process Clause of the Fifth Amendment, we examine: (1) whether the defendant can show that he has suffered any actual, substantial prejudice; and (2) if so, whether the reasons for the delay justify the prejudice to the defendant. United States v. Automated Med. Labs., Inc., 770 F.3d 399, 403 (4th Cir. 1996) (noting that defendant's burden is a heavy one). Here, Beason

failed to demonstrate any actual prejudice, and we conclude that there was no Fifth Amendment violation.

Beason contends that his placement in administrative segregation constituted a de facto arrest that triggered Sixth Amendment protections. However, "[t]he speedy trial right does not apply to . . . pre-indictment delay because that right does not attach until the defendant has been arrested or indicted." Jones v. Angelone, 94 F.3d 900, 906 n.6 (4th Cir. 1996). Confinement in administrative segregation is not the equivalent of an arrest or accusation for Sixth Amendment purposes. See United States v. Daniels, 698 F.2d 221, 223 (4th Cir. 1983). Therefore, there was no Sixth Amendment violation.

Accordingly, we affirm Beason's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED